BEST-SITE ASSOCIATES, INC., Appellant, v. ANTHONY VENTRICE and Others, Defendants. ELSIE WYRICH and Another, Individually and as Executors, etc., of MICHAEL C. D'AGROSA, Deceased, Respondents; VINCENT TANZOLA, President of

the Plaintiff, and JOHN L. DANZILO, Attorney for Plaintiff, Appellants.— Order enjoining appellants from prosecuting this action to foreclose a mortgage on real property, from taking any default against any of the defendants in the action, from charging any costs, fees or disbursements upon the discontinuance of the action, and directing appellants to cause the *lis pendens* to be canceled reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs payable by respondents. Respondents, who are not parties to the action but officers and directors of plaintiff, secured the order appealed from on the ground that plaintiff's president, in the absence of a resolution of the board of directors, had no authority to employ counsel to institute and prosecute the action. As a general rule, the president of a business corporation has power, *prima facie*, to do any act which the directors could authorize or ratify. (*Oakes* v. *C. W. Co.*, 143 N. Y. 430; *Hastings* v. *B. L. Ins. Co.*, 138 id. 473; *Davies* v. *Harvey Steel Co.*, 6 App. Div. 166.) In the instant case the by-laws clothed the president with power to make all contracts and agreements in the name of the corporation and charged him with the duty of seeing they were carried out. If respondents or the corporation have a grievance against appellant Tanzola they have an adequate remedy. Moreover, the enforcement of the order would interfere with the settlement made in April of this year and before the order to show cause was signed. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.